IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 02-0252-CG |
| v. | |
| TERRY FOUNTAIN | CIVIL ACTION NO. 05-0683-CG |

## ORDER

Defendant Terry Fountain filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 87)[1] pursuant to 28 U.S.C. §2255 and thereafter filed a Motion for Leave to Amend (doc. 91) that petition. The court denied (doc. 97) the amendment. In lieu of a Response, the government filed a Motion to Amend its response to the defendant's Motion to Amend[2], and to Dismiss (doc. 103), arguing that defendant's original motion was untimely.

Defendant was convicted following a jury trial of two counts: conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. Following sentencing, defendant filed a timely notice of appeal. The Eleventh Circuit affirmed the conviction and sentence by order dated March 4, 2004, but the mandate was not issued until August 19, 2004. According to the government, the delay in the issuance of the mandate was due to defendant's filing of one or more motions seeking additional time to file a request for rehearing, but that defendant never actually filed the request for rehearing with the Court of Appeals. Further, defendant did not file a Petition for Writ of Certiorari with the Supreme Court.

---

[1] For simplicity, the court will refer to the criminal case file in identifying documents, and will refer to Mr. Fountain as 'defendant.'

[2] In its Response to the Motion to Amend, the government admitted that defendant's original motion was timely filed. The government seeks leave to amend its response to remove that admission.

Petitioner submitted his habeas petition to prison authorities on November 16, 2005.

The question before the court is: when does the limitations period for filing a §2255 motion begins to run under these facts. The statute provides, in pertinent part, that the one-year limitation period "shall run from the later of -- (1) the date on which the judgment of conviction becomes final; ... ." 28 U.S.C. §2255. Where a defendant unsuccessfully appeals his conviction or sentence but does not thereafter file a timely petition for writ of certiorari, the judgment becomes final when the time for filing the petition for writ of certiorari has run. See Close v. U.S., 336 F.3d 1283, 1286 (11th Cir. 2003). Under the version of Sup.Ct.R. 13(3) in effect when the matter arose, the time for filing a certiorari petition "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate ... . But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties ... runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." Sup.Ct.R. 13(3) (2004). The defendant's conviction therefor became final ninety days after the date of entry of the order affirming his conviction and sentence, or arguably on the date on which his last extension of time to file a petition for rehearing ran, whichever is later.[3]   The record before the court does

---

[3] Because it appears that the defendant's petition was untimely under either alternative, it is unnecessary for the court to reach a final determination that the time for filing a §2255 petition may be calculated in this way under these facts.
   The extension of time granted by the Court of Appeals did not, without the filing of a petition for rehearing, extend the deadline for filing a petition for writ of certiorari with the Supreme Court. However, defendant could have filed for rehearing up until the end of the extension which, under Sup.Ct.R 13(3), would have triggered the extension of the deadline for filing with the Supreme Court. Thus, using the same logic as was applied in Close v. U.S., supra, it is arguable that the conviction was not final until the extension ran. Without the filing of a petition for rehearing within the extension of time allowed by the Court of Appeals, however, this latter alternative would not operate to allow a new 90-day period to run for the

not contain a copy of the last order by the Court of Appeals granting an extension of time, but it is clear that the mandate did not issue until after the extension had expired, so the final deadline for filing a petition for rehearing could not have been extended beyond the date of the mandate.

The deadline for filing a petition for writ of certiorari ran on June 2, 2005, ninety days after entry of the order affirming his conviction and sentence. The mandate was issued on August 19, 2004, and the deadline for filing a petition for rehearing expired some time before that. Thus, the last date on which defendant could arguably have filed a timely §2255 motion could have been no later than August 19, 2004. His submission of the habeas motion to prison authorities on November 16, 2005, was at least three months late.

Alternatively, defendant argues that he is entitled to equitable tolling of the one-year limitations period during the period he was awaiting transfer to a different facility and for approximately one month after his transfer while he was still without his personal effects, which presumably included whatever legal papers he had retained. However, defendant claims that he was "in transit waiting to be transferred" from sometime in March 2005 through May 2005, and that he did not receive his property until the end of June 2005. (Brief, doc. 106) To render his filing timely under the latest arguable deadline calculation, almost all of the four month period would have to be tolled. However, defendant does not claim that he was without any ability whatsoever to work on his petition during that period of less than four months, does not claim that he had worked on it previously and was interrupted or otherwise shown that he would have necessarily have worked on the petition during that time, does not attempt to show that he

---

filing of a petition for writ of certiorari; that 90-day period runs from the order affirming the conviction and sentence. See Sup.Ct.R. 13(3).

attempted to but could not complete his motion in the time remaining, and does not demonstrate reasonable diligence during the remaining portion of the limitations period.

The Eleventh Circuit considered a very similar claim in <u>Dodd v. U.S.</u>, 365 F.3d 1273 (11th Cir. 2004).

> While Dodd contends that the limitations period in § 2255(3) should have been tolled during the period he was detained in Miami and did not have access to his papers, we cannot discern sufficient evidence in this record to establish that the circumstances were truly extraordinary. Dodd does not suggest, let alone argue that his detention was unconstitutional or somehow inappropriate, or that the transfer of a prisoner from one facility to another is anything but a routine practice.
> Nor has Dodd shown that he acted with the diligence required to render equitable tolling appropriate to this case. Following the <u>Richardson</u> decision, Dodd had nearly five additional months with no impediments to stop him from preparing or filing a § 2255 motion. Moreover, Dodd has presented no evidence to show that, while he was in custody in Miami, he made any request to have his papers delivered to him, attempted to contact counsel to assist him with timely filing his motion, or otherwise undertook any action that would suggest reasonable diligence under the circumstances. Indeed, Dodd has not claimed that he made any specific efforts to file his motion within the established limitations period, either in the five months before he was transferred to Miami or in the seven months after his return to Talladega.

<u>Dodd</u>, at 1283.  The court finds the <u>Dodd</u> decision dispositive of defendant's claim for equitable tolling.

Accordingly, it is hereby **ORDERED** that

1) the Government's Motion to Amend its response is **GRANTED**;

2) the Government's Motion to Dismiss is **GRANTED**; and

3) Defendant's Motion to Amend, Set Aside or Correct Sentence is **DISMISSED**.

**DONE** and **ORDERED** this the 20th day of July, 2007.

    /s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE